IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHI HOLDINGS, LP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-2930 |
| | § | |
| | § | |
| SEBRING CAPITAL PARTNERS, | § | |
| LIMITED PARTNERSHIP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO AMEND**

DHI Holdings filed this foreclosure action in state court. (Docket Entry No. 1-4). The defendants, U.S. Bank, N.A., successor trustee to Lasalle Bank National Association on behalf of the holders of Bear Stearns Asset Backed Securities I Trust 2005-HE7, Asset-Backed Certificates Series 2005-HE7, Bear Stearns Asset Backed Securities I Trust 2005-HE7, Select Portfolio Servicing, Inc., and Mortgage Electronic Registration Systems, Inc., removed to federal court. (Docket Entry No. 1). At an initial conference, the court denied DHI's motion to abate or stay the case, granted the defendants' motion to dismiss, and dismissed DHI's claims with prejudice and without leave to amend. (Docket Entry Nos. 14, 15).

DHI moves to amend the court's dismissal order. (Docket Entry No. 17). The defendants oppose amendment. (Docket Entry No. 18). Based on the parties' arguments, the record, and the applicable law, the court denies DHI's motion to amend. The reasons for this decision are explained below.

On March 28, 2012, MERS assigned the note and deed of trust to U.S. Bank. (Docket Entry

1

No. 10-9). The assignment stated that MERS was acting "as Nominee for Sebring Capital Partners, Limited Partnership, its Successors and Assigns." *Id.* Sebring forfeited its registered foreign limited partnership after failing to pay taxes and fees. (Docket Entry No. 10-12). DHI pled that U.S. Bank was not a valid assignee and did not have standing to foreclose because MERS could not act as a nominee for a nonexistent entity. (Docket Entry No. 1-4).

The court granted the defendants' motion to dismiss because DHI's argument was precluded by the Fifth Circuit's *Deutsche Bank National Trust Company v. Burke*, 655 F. App'x 251, 254 (5th Cir. 2016) decision. (Docket Entry No. 14). In *Burke*, Joanna and John Burke challenged MERS' assignment of a deed of trust to Deutsche Bank. *Burke*, 655 F.App'x at 253. The assignment stated that MERS was acting "AS NOMINEE FOR, INDYMAC BANK, F.S.B., ITS SUCCESSORS AND ASSIGNS." *Deutsche Bank Nat'l Tr. Co. v. Burke*, 286 F. Supp. 3d 802, 809 (S.D. Tex. 2017). The Fifth Circuit vacated the final judgment, which found that MERS' assignment was void, and held:

> [T]he original deed of trust named MERS as a beneficiary, and Texas law and our precedent make clear that MERS, acting on its own behalf as a book entry system and the beneficiary of the Burkes' deed of trust, can transfer its right to bring a foreclosure action to a new mortgagee by a valid assignment of the deed of trust. Here, MERS assigned its right to foreclose under the deed of trust to Deutsche Bank. That the assignment did not state that MERS was acting in its capacity as beneficiary does not change our analysis.

*Id.* at 254 (citation omitted). Because the facts in *Deutsche Bank* are nearly identical to the facts in this case, the court found that dismissal was proper. (Docket Entry No. 14).

DHI moves to amend the court's dismissal order on the ground that the Fifth Circuit's *Burke* decision is incorrect. (Docket Entry No. 17). DHI relies heavily on the magistrate judge's opinion in *Burke* that was decided on remand after the Fifth Circuit vacated the first final judgment. *Deutsche Bank Nat'l Trust Co. v. Burke*, 286 F.Supp.3d 802, 818 (S. D. Tex. 2017) (*Burke II*). In

2

*Burke II*, the magistrate judge concluded that "the panel's *Erie* guess about the validity of the assignment is clearly erroneous and, if followed, would work a manifest injustice." *Id.* at 806. After surveying principles of agency law and contracting parties, the magistrate judge stated:

> The panel opinion simply cannot be reconciled with [Texas law]. Texas law presumes that a self-described agent signing a contract for a disclosed principal does not intend to make himself a party to the instrument. Yet the panel held that the explicit declaration of agent capacity did not matter in construing the contract. *Deutsche Bank*, 655 Fed.Appx. at 254-55 ("That the assignment did not state that MERS was acting in its capacity as beneficiary does not change our analysis.").

*Id.* at 816. In an attempt to square the panel's opinion with Texas law, the magistrate judge opined:

> [T]he panel may have believed that MERS enjoys a unique status under the law, operating under a special dispensation from ordinary rules that bind other legal actors. Under this view, MERS always acts simultaneously as both beneficiary and nominee under the deed of trust. Like the two-headed fictional character Zaphod Beeblebrox, MERS is a single integrated entity who happens to wear two opposing hats, one labeled "Principal" and the other "Agent." The difficulty with the dual capacity theory as an *Erie* guess is that no Texas court at any level has ever adopted it.

*Id.* at 817 (footnotes omitted).

DHI asks the court to adopt the rationale in *Burke II* and hold that DHI's claim that the 2012 assignment is void *ab initio* should not be dismissed. (Docket Entry No. 17 at 6).[1] Though the Fifth Circuit's opinion is unpublished, the court finds its holding persuasive and denies DHI's motion to amend. *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). The Fifth Circuit clearly held that an assignment does not need to state that MERS is "acting in its capacity as beneficiary" in order for it to exercise its authority to assign. *Burke*, 655 F.App'x at 254. The court appreciates the thoroughness of the *Burke II* but defers to the Fifth Circuit's *Erie* guess, particularly in light of

---

[1] *Burke II* is currently pending appeal. *See DHI Holdings, L.P. v. Sebring Capital Partners, L.P., et al.*, No. 18-20348.

recent Texas case law suggesting that MERS' assignment of a deed as the nominee or agent of an entity that no longer exists does not render the assignment void *ab initio*. *See Melendez v. Citimortgage, Inc.*, 2015 WL 5781103, at *5 n.3 (Tex. App. Oct. 2, 2015) (the argument that "MERS [was] incapable of assigning [a] deed as [an entity's] nominee or agent" because the entity "ceased to exist" before assignment "could render the assignment voidable at most"). *Melendez* supports the argument that the Fifth Circuit, in the words of the magistrate judge, "may have believed that MERS enjoys a unique status under the law, operating under a special dispensation from ordinary rules that bind other legal actors. Under this view, MERS always acts simultaneously as both beneficiary and nominee under the deed of trust." *Burke II*, 286 F.Supp.3d at 817.

DHI's arguments are precluded by Fifth Circuit precedent. *Burke*, 655 F.App'x at 254. DHI's motion to amend, (Docket Entry No. 17), is denied.

SIGNED on June 5, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

4